### A. F. BAKER v. THE STATE.

#### No. 3990. Decided April 14, 1909.

#### 1.—Incest—Sufficiency of the Evidence.

Where upon trial for incest the evidence was sufficient to sustain the verdict the conviction will not be disturbed.

#### 2.—Same—Verdict—Words and Phrases.

Where upon trial for incest the verdict omitted the word "confinement," between the words "years" and "in," such omission was not fatal to the verdict.

#### 3.—Same—Charge of Court—Carnal Knowledge.

Where upon trial for incest the evidence showed that defendant and prosecutrix had had carnal intercourse resulting in conception, it was immaterial whether the court's definition of carnal knowledge was correct or not.

#### 4.—Same—Evidence—Marriage License—Justice of the Peace.

Upon trial for incest where the marriage license was shown to have been returned by a justice of the peace, the law presumes that the clerk in accepting the return had satisfied himself of the official character of the person performing the marriage rites, and it was not incumbent upon the State to prove such official character.

Appeal from the District Court of Bell. Tried below before the Hon. John M. Furman.

Appeal from a conviction, incest; penalty, seven years confinement in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Bell County on a charge of incest with one Eula Faubion, the daughter by former marriage of his then wife.

1. That he had had carnal intercourse with this young girl, then about fifteen years of age, is established by her testimony, and the fact that they were found together in bed at Temple, by numerous witnesses, under circumstances that left no sort of doubt that they had recently had carnal intercourse. While there is by appellant's wife some contradiction of the alleged incestuous intercourse resulting in a miscarriage, yet the facts in the record leave it, in our minds, beyond doubt that whatever may have been her relation with other men, that appellant had not infrequently had carnal intercourse with the prosecutrix is too clear for discussion. We can not, therefore, sustain the first ground of appellant's motion, which is to the effect that the verdict of the jury is contrary to the law and the evidence, and is against the weight and preponderance of the evidence, and without legal or competent evidence to support it.

2. Complaint is also made of the verdict of the jury, which is claimed to be fatally defective and insufficient, and so insufficient that no valid or legal judgment or sentence can be rendered upon it. The verdict is as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at seven years in the penitentiary." While the motion does not point out the particular defect claimed in the verdict, it is assumed it was thought to be insufficient by. reason of the omission of the word "confinement" between the words "years" and "in." While this would have been better expressed if such word had been used, the meaning and intent of the verdict is so obvious that its omission can not be held fatal.

3. The third ground of the motion is that the court erred in the fifth paragraph of his charge, wherein he defines the term "carnal knowledge." This portion of the court's charge is as follows: "By the term carnal knowledge of a female by a male person is meant that some part of the male organ of generation must have entered some part of the female organ of generation, but the depth or degree of such entry or penetration is immaterial." In view of the fact that the evidence shows that the parties had had carnal intercourse, resulting in concep-

tion, it is evident, whether erroneous or not, that in any event the question becomes utterly immaterial and inconsequential.

4. On the trial, objection was made to the introduction of a certain marriage license issued by the county clerk of Lampasas County, and the return thereon, for the reason that the marriage license failed to show that one J. W. Trussell, who purports by the terms of said instrument to be the justice of the peace of precinct No. 4, Lampasas County, Texas, was really such justice of the peace, there being no evidence introduced to show that, at the time the marriage ceremony was performed, he was such officer, and had authority under the law to perform marriage ceremonies, save and except his signature thereto, reciting that he was such justice of the peace. The marriage license and return thereon introduced in evidence in all respects complied with the law. These licenses, when return is made, are required to be preserved and the return recorded. The return was in proper form, and made by a person purported to be an officer authorized to solemnize the rites of matrimony between the parties. In the absence of a showing to the contrary, the law would presume that the clerk, in accepting the return, had satisfied himself of the official character of the person performing the marriage rites, and in the absence of anything challenging such authority, or the official character of such person, no burden rests on the State to show that he was indeed and in truth such officer. Again, all the evidence showed, without doubt or controversy, among others, by the wife of appellant, the marriage in question.

There is no merit, as we believe, in any of the questions raised, and we would be utterly without excuse to reverse the case. It is therefore ordered that the judgment of conviction be, and the same is, hereby in all things affirmed.

*Affirmed.*